**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2089**

THOMAS E. PERRY,

                    Plaintiff - Appellant,

          v.

MARY E. PETERS, Secretary of Transportation,

                    Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:07-cv-01256-GBL-TCB)

Submitted:  June 11, 2009              Decided:  July 2, 2009

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas E. Perry, Appellant Pro Se. Yiris E. Cornwall, Leslie
Bonner McClendon, Assistant United States Attorneys, Alexandria,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas E. Perry filed this action against Mary E. Peters, the Secretary of Transportation, alleging employment discrimination arising from his employment termination. The district court granted the defendant's motion for summary judgment and denied Perry's motion to dismiss without prejudice. Perry appeals, arguing that the district court erred by denying his motion to amend his complaint, by finding that he failed to establish a prima facie case of discrimination, and by finding that the defendant articulated a legitimate, non-discriminatory reason for removing him from his position. We find no error and affirm.

As an initial matter, Perry contends that during the July 25, 2008, hearing, he made an oral motion for leave to amend his complaint. The transcript of that hearing shows Perry did not move for leave to amend his complaint. The only mention of an amendment followed the parties' arguments on whether Perry had demonstrated he was qualified for the position of air-traffic controller. At that time, Perry stated, "So, I—there are some things in my complaint that still are factors but would need to be amended." Perry did not move to amend the complaint nor even explain what portions of his complaint he would like to amend. Therefore, this issue lacks merit.

Turning to the remainder of Perry's argument on appeal, this court reviews a district court's order granting summary judgment de novo, viewing the record in the light most favorable to the non-moving party. Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). Summary judgment may be granted only when "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Fed. R. Civ. P. 56(e)(2).

To establish a prima facie case of disparate treatment discrimination, a plaintiff must show that he is a member of a protected class, he is qualified for the position, he suffered an adverse employment action, and an employee not in the protected class replaced him or was treated more favorably. James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004). If the plaintiff establishes a prima facie case of discrimination, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Our review of the record discloses that the district court properly concluded that Perry failed to establish a prima facie case of discrimination because he cannot show that

he satisfies the medical requirements for the position of air-traffic controller.

To prevail on his Title VII retaliation claim, Perry was required to show that: (1) he engaged in a protected activity; (2) an adverse action was taken against him by the employer; and (3) there was a causal connection between the first two elements. See Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007). Once a plaintiff establishes his prima facie case, the burden shifts to the employer to put forth a legitimate, non-discriminatory reason for the action. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If this burden is met, the plaintiff must then show that the "proffered reasons are pretextual or his claim will fail." Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). To show pretext, the plaintiff must show that the defendant's reason is "unworthy of credence" or offer other forms of circumstantial evidence demonstrating retaliation. Id.

The defendant proffered that Perry did not meet the medical requirements for the position. Perry argued this justification was a mere pretext, but did not present evidence refuting this justification. Therefore, the district court properly granted summary judgment to the defendant on Perry's claim of retaliation.

4

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>